# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DOUGLAS LITTLE, ) | |
| ) | Case No. 1:17-cv-215 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| DARREN SETTLES and T. GUETTNER, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Defendant Darren Settles has filed a motion for summary judgment seeking dismissal of this *pro se* prisoner's complaint for violation of 42 U.S.C. § 1983 based, *inter alia*, on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") (Doc. 33). Plaintiff has failed to file a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED**, and this action should be **DISMISSED**.[1]

## I. ALLEGATIONS OF THE COMPLAINT

During all times relevant to this action—from April 2017 to April 2018—Plaintiff was an inmate housed at the Bledsoe County Correctional Complex ("BCCX"). (Doc. 8, at 2–3.) He alleges that, during the intake process, his orthopedic shoes, special breathing equipment, and related documentation were taken from him. (*Id*.) Plaintiff contends that Defendant Settles, who was then the Warden at BCCX, "was deliberately indifferent by formulating policies that

---

[1] The Court notes that Defendant T. Guettner was never properly served in this action, but the Court's decision regarding Plaintiff's failure to exhaust is likewise applicable to this Defendant.

requires all personal property, including medical orders, in possession of intake inmates, be disposed of upon arrival to BCCX" and that "[h]e maintained policies that interfered with medical care." (*Id.* at 4.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in the light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

## III. DISCUSSION

The PLRA requires prisoners to exhaust all available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S.

516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

In his amended complaint, Plaintiff alleges that in April 2017, he presented the facts relating to his complaint in the prisoner grievance procedure. (Doc. 8, at 4.) However, this contention is directly contradicted by the certified grievance records attached to Defendant Settles' motion, which demonstrate that Plaintiff did not file any grievances while he was housed at BCCX. (Docs. 34-1, 34-2.) In fact, the certified records show that Plaintiff filed only one grievance while in TDOC custody – a grievance dated June 12, 2018 — that is related to cell assignment and not related to the allegations in the amended complaint. (*See* Doc. 34-1.) This evidence is buttressed by the affidavit of BCCX Grievance Board Chairperson Jonathan Holland, who affirms that "there were no grievances filed by inmate Little while he was housed at BCCX." (Doc. 34-2.) Therefore, the evidence demonstrates that Plaintiff failed to meet the PLRA's mandatory exhaustion requirement prior to filing the instant suit, and this action will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 33) will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE** for want of exhaustion.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any

3

subsequent appeal.

        **AN APPROPRIATE JUDGMENT WILL ENTER.**

        /s/ *Travis R. McDonough*
        **TRAVIS R. MCDONOUGH**
        **UNITED STATES DISTRICT JUDGE**